Y. ALAU *vs.* T. W. EVERETT and A. N. KEPOIKAI.

EXCEPTIONS TO RULING OF JUDD, C.J., DISALLOWING A NEW TRIAL.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.   FORNANDER, J., absent.

A. and B. were defendants in a replevin suit brought before the defendant K., who was Police Justice at W.: K. ordered the plaintiffs to give a bond conditioned for the production of the horse, (the subject of the suit), and in default of their so doing, he inflicted a fine upon A. and B. of $25 for contempt and issued warrants for their arrest.   The warrant was executed by the defendant E., the Sheriff of Maui, and they were detained in custody for about 15 minutes until the fine was paid.

The Jury acquitted E. but found a verdict against K. for $200.

K. moved for a new trial on the ground of excessive damages.

Held, sustaining the Chief Justice who refused the motion: That the order was beyond the authority and in excess of the jurisdiction of K., and therefore void, and that the damages, although rather large, were not excessive.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on a bill of exceptions to the rulings of Chief Justice Judd during the trial at the January Term, 1887, and to the refusal of the Chief Justice to grant a new trial on motion by defendant, Kepoikai, which motion was overruled *pro forma.* The case of Ami against the same defendants was tried together with this, on a stipulation filed as follows:

"It is hereby stipulated and agreed that the case of Ami *vs.* T. W. Everett and A. N. Kepoikai, do stand and abide by the judgment of the Court in the case of Y. Alau *vs.* T. W. Everett and A. N. Kepoikai, on motion for new trial, and on bill of exceptions, and no other motion for new trial and bill of exceptions need be filed in the case of Ami *vs.* Everett and Kepoikai"

The verdict of the jury was in favor of defendant as to Ever-

ett, who is the Sheriff of Maui, and who executed the warrant of arrest, and for $200 damages in both cases against defendant, Kepoikai.

The cause of action was the alleged false imprisonment of plaintiff, by his being arrested at Kahului, Maui, and taken to Wailuku, and there placed in jail for about half an hour, upon a warrant issued by defendant, Kepoikai, for the alleged contempt of plaintiff, of an order of said defendant, (acting as a Police Judge of Wailuku). The order was for the giving of a bond by Alau and Ami in a replevin suit, wherein they were defendants, conditioned for the production at Court of the horse which was the subject matter of the suit.

There seems to be no dispute as to the fact of the order being made, and the arrest for contempt and the incarceration of plaintiff in the Wailuku lock-up or jail for the space of thirteen to fifteen minutes, until the fine of $25 each, which defendant Kepoikai had imposed, was paid by one Nakookoo, one of plaintiff's attorneys.

The first question for us to consider is, did the defendant, Kepoikai, have authority and jurisdiction to order the making and filing of said bond.

We think that the order was beyond his authority and in excess of his jurisdiction, and therefore void. The statute "to regulate the practice in suits for the recovery of personal property," Chapter XXXVIII. of the Laws of 1884, provides the way in which the plaintiff in the horse case could have had the sheriff take possession of the horse and deliver to him, bonds, etc., being required, and thereby secure its production at the Court on the day of trial. The plaintiff or his attorney did not avail himself of this law. If he had done so, there would have been no necessity to apply to the Police Judge to make the order he did. This statute is very full, and provides every protection required, both for the plaintiff and defendant in replevin suits. We do not say a Police Judge may not grant continuances on terms, but in this case the statute controls. And, further, it was for the jury to find (upon the evidence before it

which was contradictory), whether such terms really were imposed. It was not the province or privilege of the Court to instruct the jury that such was the fact, therefore there was no error. We consider that the whole wrong arose from an error of judgment on the part of the defendant, Kepoikai.

In the case of *In Re Cohn*, 5 Cal., 495, cited by defendant, we find it is applicable to cases where Courts having jurisdiction should issue an order. In some respects that case supports the position we take in regard·to the authority of inferior Courts of limited jurisdiction to make and issue such orders.

It is noticeable that the order made for the filing of the bond did not limit or state the time in which the bond was to be filed ; it was indefinite. ˙ There must be some time stated in which to file a bond to enable the parties to comply with the order.

The next question is, is the verdict excessive in the sense that· will suffice to set it aside.

Section 1128, Compiled Laws, provides that "in all cases of injury, direct or consequential, to the plaintiff in person or his wife, child or servant, or to his or her or their character or feelings, or to his property, real or personal, the measure of damages shall be determined by the jury."

" In actions for personal torts, the law does not attempt to fix any precise rule for the admeasurement of damages, but from the necessity of the case leaves their assessment to the good sense and unbiased judgment of the jury. Their verdict, as in all other cases, is subject to review by the Court, but it will never be disturbed unless the damage is so obviously disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate consideration of the jury." Hayne on New Trial and Appeal, Section 95, p. 265, and note at end of section.

"The Court in actions of trespass, especially for personal torts, when damages can be gauged by no fixed standard, but necessarily rest in the sound discretion of the jury, interferes with a verdict on the mere ground of excessive damages with reluctance, and never except in a clear case."

*Berry and al. ads., Vreeland,* 21 N. J. Law Rep. pp. 183 and 187.

"Damages for torts should be outrageously excessive to justify a new trial."

*Vunk vs. Hall,* 3 N. J. Law Rep., 90, 94, and a number of other cases there cited.

Before we can interfere with the verdict in a case of this nature, we must be satisfied that enough is shown to raise the presumption that the jury acted with prejudice, passion, partiality or corruption, or that the verdict is so grossly excessive as to shock the moral sense, or that the damages are manifestly exorbitant, etc., etc.

We are free to say that under the circumstances of this case, the damages seem to be rather large. The plaintiffs, certainly, should have enough to cover their costs and expenses of trial. But men of sound judgment may differ not a little in estimating the compensation which the circumstances of the injury would justify. It is the judgment of the jury, and not that of the Court, which must govern.

We do not find anything in this case that would justify us in interfering with the verdict. The exceptions are overruled with costs.

*Ashford & Ashford,* for plaintiffs.

*A. Rosa, Whiting* and *Creighton,* for defendants.