## AH QUAI *v.* R. PUUKI.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JUNE 21, 1897.          DECIDED SEPTEMBER 20, 1897.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY, IN PLACE OF JUDD, C.J., ABSENT.

Replevin.

The findings in a jury waived case will not be set aside where the verdict of a jury could not be set aside. The evidence in this case held to support the findings.

In replevin of a young heifer sixteen months old at the time of taking, damages of $10 for its detention were awarded, the defendant retaining possession of it for eighteen months.

Held that plaintiff was entitled to more than nominal damages and also damages from the time of taking to the date of trial.

No uniform rule can be given for ascertaining the extent of compensation in cases of this nature. In determining this all relative circumstances ought to be carefully considered.

Damages, which cannot be accurately measured, should not for that reason be denied, but the amount should be left to the jury.

OPINION OF THE COURT BY WHITING, J.

The plaintiff brought his action in replevin for the recovery of a young heifer and for damages for its detention. The Circuit Judge of the Fifth Circuit, on appeal from the District Magistrate, heard the case without a jury and found for the plaintiff for the return of the heifer and $10.00 damages for its detention. The defendant duly excepted to the judgment as contrary to the law and the evidence and the weight of the evidence.

During the trial, the plaintiff offered evidence in proof of damages, to which, the defendant objected on the ground that the heifer was so young (16 months old) at the time of the taking by defendant, that no damages could have resulted to the plaintiff. This objection was overruled and defendant duly excepted.

This Court has repeatedly held that the finding in a jury waived case will not be set aside where the verdict of a jury could not be set aside; and that where the evidence is conflicting and contradictory, as it is in most cases, it will examine the evidence only so far as to see if there is evidence to support the verdict or findings of the trial judge.

In this case the evidence is conflicting. The plaintiff had a calf born in May, 1894, and, in July of that year, branded it on both hind quarters with his brand. Defendant had a calf born later in the same year, but never branded it and, so far as he is concerned, he never saw it or the heifer in question until he took possession of the disputed animal. The calf with plaintiff's brand remained in possession of plaintiff until September 25,

1895, when defendant took possession of it and has kept it ever since. Within a day or two of the taking by defendant, the plaintiff brought his action of replevin and the trial before the Circuit Judge was had in March Term, 1897, of the Circuit Court. Witnesses for the plaintiff identify the heifer as plaintiff's, and testify that it was being raised for milking and had been handled by them in its training for milking.

Defendant's witnesses identify the heifer as defendant's, but it was never branded but ran at large in pasture and not handled to train for milking purposes. One witness says however he saw defendant's calf branded. However the heifer in question, the evidence shows, bore only the brands of the plaintiff which were of long standing.

There are many other contradictions, and it was a question of fact for the trial judge and we are of opinion on a full examination of the evidence, that there was evidence sufficient to sustain the finding for the plaintiff, and we overrule the exception.

Upon the second exception, it appears that at the time of the taking on September 25, 1895, the heifer was sixteen months old, and at the trial in March, 1897, it was two years ten months old, and the defendant did not return the heifer into the possession of the plaintiff after action brought but deprived the plaintiff of its use. For this detention by the defendant and deprivation of its use by defendant, the plaintiff is entitled to damages, and was entitled to prove such damages and offer evidence thereon; and he was entitled to damages from the time of taking up to the trial. Damages are an incident to the recovery of the object in replevin. If the heifer had been surrendered to the plaintiff at the time of the action being brought, then only nominal damages could have been awarded, but by his keeping the plaintiff out of possession up to the trial, the plaintiff is entitled to substantial damages.

The evidence of plaintiff and his witnesses place such damage at $50.00 but this is exaggerated, and an award for that amount would be unwarranted. The plaintiff being entitled to more

than nominal damages, it was the province of the trial judge in this case or of a jury in other cases to estimate such damage on all the evidence and circumstances of the case and we cannot say that the trial judge erred in awarding damages at $10.00.

"No uniform rule can be given for ascertaining the extent of compensation in cases of this nature. Different measures of redress may be proper for the same injury suffered under different circumstances. What will make good the loss which the party has sustained, owing to the situation in which the party was placed when the injury was inflicted is the material question. In determining this all relative circumstances ought to be carefully considered." Wells on Replevin, Sec. 536. Damages which cannot be accurately measured should not for that reason be denied, but the amount should be left to the jury. *Gilbert v Kennedy,* 22 Mich. 117; 128. Wells on Replevin, Sec. 530

Exceptions overruled.

*Thurston & Stanley* for plaintiff.

*Antone Rosa* for defendant.