·FUSAE TSURUOKA, A MINOR, BY UICHI TSURU-
OKA, HER PROCHEIN AMI, *v.* ROBERT L.
LUKENS.

No. 2041.

ARGUED FEBRUARY 3, 1932.                    DECIDED FEBRUARY 8, 1932.

PERRY, C. J., PARSONS, J., AND CIRCUIT JUDGE DAVIS
IN PLACE OF BANKS, J., UNABLE TO ATTEND
ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY PERRY, C. J.

This is an action for damages for injuries received in
an automobile accident. The verdict was for the plaintiff.
The case comes to this court on the defendant's exceptions.

The first exception argued is upon the claim that the
presiding judge erred in overruling an objection to a
question addressed to a witness "whether or not she" (the

plaintiff) "suffered from this broken leg," the answer being in effect that she suffered considerably. The plaintiff was a child eight years old. The witness was her father. He had testified that he had visited her every day at the hospital during the two weeks that she was there and that during the next succeeding three weeks he remained at home in order to care for her and carried her every day to the doctor's office. The plaintiff's father, under these circumstances, was certainly in a position to know whether the child had suffered pain. It would have been impracticable for him to state to the jury with precision and with fullness all of the facts which indicated to him that there was suffering. Under these circumstances such evidence is admissible even though it includes an opinion or conclusion of the witness giving the testimony. "When the circumstances are such that all the facts cannot be placed before the jury with such clearness as to enable them to draw a correct inference, and the province of the jury is not invaded, and the inference is not one for the drawing of which special skill, knowledge and experience are required, an ordinary observer who has had suitable opportunity for observation may state the apparent physical condition of another person. * * * Such an observer may also state the obvious condition and visible effect of particular injuries, or state inferences from transient physical appearances, as that a person was hurt or injured, in pain or suffering." 22 C. J. 618-622.

"The witness could portray to the jury only in a faint and imperfect way the scene in the sick chamber as it presented itself to her, and upon which she based her statements that Mrs. Clagett 'was very helpless * * ' and 'suffered intensely * *.' The tones of voice, the expressions of the face, and the movements of the limbs, which are the natural language of pain, so readily and clearly understood by those about the sufferer, cannot be re-

produced so as to impress the jury as they did the witness; * * * therefore, to say that those about a sick or injured person shall not be permitted to give in evidence their opinion, based on observation, of the condition or suffering of the patient, is to exclude from the jury the only efficient proof of those facts. The rule admitting such evidence is one of necessity. Where the fact to be established must 'be derived from a series of instances passing under the observation' of witnesses, 'which yet they never could detail to the jury,' opinion will be received. * * * And when it is remembered that the intelligence, fairness, opportunities to observe and other circumstances affecting the credibility of the witness, can be called out by a cross-examination, there remains but little solid objection to the reception of this class of testimony." *Shelby* v. *Clagett*, 46 Ohio St. 549, 552, 553. "It does not require an expert to tell whether a person suffers. The appearance of a person who suffers severely is sufficient to manifest his condition to anyone of ordinary intelligence and experience. These witnesses had all observed her, had heard her groans and complaints, and were competent to give an opinion as to her suffering." *Kline* v. *Railway*, 150 Cal. 741, 750; repeated in *Kimball* v. *Northern Electric Co.*, 159 Cal. 225, 231.

The cause of action relied upon was that the defendant operated an automobile negligently and that in consequence of his negligence the child was struck by the automobile and both bones of her right leg were broken. In the fifth paragraph of the declaration the allegation is as follows: "That the carelessness and negligence on the part of the defendant * * * consisted of the following: (1) In that defendant Robert L. Lukens was operating his automobile at an excessive and high rate of speed, to-wit, 30 miles per hour; (2) in that the defendant Robert L. Lukens was operating his automobile on the wrong

266

side of Kahaloa Drive at the time said automobile struck the plaintiff; (3) in that the defendant Robert L. Lukens, while driving his automobile over and along Kahaloa Drive, failed to make the observations that a careful and prudent man would make to the front of both sides of his car while operating the same over a public thoroughfare so as to avoid endangering the lives of pedestrians using the said thoroughfare; (4) in that the defendant Robert L. Lukens did not exercise due and reasonable care, or any care, to avoid striking plaintiff after he observed said plaintiff and the plaintiff was in a position of danger from which she could not extricate herself." In the sixth paragraph it is alleged that "as a direct and proximate result of the acts of negligence" above set forth the plaintiff sustained injuries.

The defendant asked the court to instruct the jury that the plaintiff could not recover unless all of the specifications of negligence had been proven. The court refused to do so and instead charged the jury that the plaintiff could recover if by proof he had sustained any one or more of those specifications. It is not contended, and indeed it could not be successfully contended, that any two or more of the specifications of negligence were inconsistent with each other; nor is this a case of proof of an act or omission of negligence not charged in the declaration. Counsel for the defendant conceded at the oral argument, and correctly so, that each act and omission charged against the defendant constituted actionable negligence and that a declaration charging negligence in any one of the four respects specified would have set forth a good cause of action. It is also apparent that a trial upon any one of the four charges of negligence specified would have necessarily resulted in a complete investigation into all of the facts and circumstances surrounding the accident and would have

naturally resulted in the adduction of all of the same evidence which was introduced at the trial. Under these circumstances the presiding judge was correct in charging the jury that proof of any one of the acts or omissions relied upon would be sufficient to justify a verdict for the plaintiff. "Where defendant's negligence is alleged as consisting of several separate and distinct acts or omissions, plaintiff has the right to prove all of them, but he is not required to do so; he may submit his case upon any of the acts or omissions that are sustained by proof, and it is sufficient for him to prove any one or more of such acts or omissions, as being the negligence which caused his injury, provided the case is submitted on the ground or grounds proved, and those submitted are not contradictory or destructive of each other." 45 C. J. 1127, 1128. See also 20 R. C. L. 147, and *Martin* v. *Railroad,* 23 Wis. 437, 440.

Defendant excepted to the verdict as being contrary to the law and the evidence and claims that there was not evidence sufficient to support a finding of negligence on the defendant's part. There was evidence that the road upon which the accident happened was only sixteen feet wide at the place of the accident and that two cars were parked on its mauka side; that the defendant was operating the automobile which struck the child and along the road in question was driving at the rate of 30 or 35 miles per hour; that a certain man, a Filipino, was standing near and on the makai side of one of the parked machines; that shortly after the accident the odor of liquor was on the defendant's breath; that he was returning from a picnic on the other side of the island; that, to the defendant's knowledge, many children usually congregated at or near the place where the accident happened; and that in approaching the spot where the accident happened the defendant's car was driven about one-fourth to the left

of the middle line of the road and about three-fourths to the right. On behalf of the defendant it is argued that the estimate of speed given by the plaintiff's witness, to-wit, 30 or 35 miles an hour, should not have been believed or relied upon by the jury because there was also evidence that the child's slippers were found after the accident only 11½ feet behind the defendant's automobile and that the slippers fell to the road at the precise spot where the child was struck and that the defendant's estimate of the speed of his car, to-wit, from 15 to 17 miles, should have been believed. In order to support the verdict it is not necessary to infer that the jury found that the car was going at a speed of from 30 to 35 miles. It may well have found that the speed was much less than that rate and yet that it was much greater than a prudent man would have been guilty of under all of the surrounding circumstances. It was entirely for the jury to determine whether, in view of the fact that the two automobiles were parked on the defendant's left side of the road and of the further fact that at that point the road was only sixteen feet in width, an ordinarily careful and prudent person would have driven even at 15 or 16 miles per hour in approaching the spot. From the fact that the odor of liquor was upon the defendant's breath the jury would be justified in inferring that the liquor had had some soporific effect upon him and that he was not as alert or as attentive to his duties as a driver as an ordinarily careful and prudent man would have been. The evidence adduced was sufficient to support a finding of negligence.

The jury returned a verdict for the plaintiff in the sum of $3500. The defendant contends that this is excessive. It need hardly be said that the question is not whether this court would have awarded as much if the case had been tried before it. It is simply whether, upon the evidence adduced, reasonable men could have

come to the conclusion that the plaintiff was entitled to $3500. The child herself was the plaintiff. She was eight years old at the time of the accident. Both bones of the right leg were broken. She was in the hospital for two weeks and at home for three weeks additional before moving about on crutches. While the doctor attending her testified for the defense that the bones knitted well and that the leg was in as good a condition as any leg once broken could be, and while he testified further that in form the leg was 99-9/10 per cent perfect, nevertheless the evidence of the father was that the leg was somewhat curved and the injured leg, as well as the sound one, was exhibited to the jury and the jurors could have seen for themselves the precise condition of the leg. The father testified at the time of the trial that the child "when she lies down, always kicks and pokes with her feet and leg;" that she suffered considerably from the broken leg and that while "prior to the accident" she was always "obedient and loyal to us, since the accident she has been a little bit off and always in this way and that has been the trouble up to this time;" and that "she has trouble in her head." There was no definite evidence as to how long these symptoms would be likely to continue. We cannot say that under these circumstances the verdict was excessive and that it should be set aside.

The exceptions are overruled.

*W. T. O'Reilly* (*F. Patterson* with him on the brief) for plaintiff.

*W. R. Ouderkirk* (also on the briefs) for defendant.