HENRY A. LESLIE, SR., *v.* JOSEPH GONSALVES.

No. 3042.

Submitted October 15, 1957.     Decided October 24, 1957.

Rice, C. J., Stainback and Marumoto, JJ.

OPINION OF THE COURT BY RICE, C. J.

Henry A. Leslie, Sr., of Napoopoo, South Kona, County and Territory of Hawaii, as plaintiff, filed a complaint in the circuit court of the third circuit, Territory of Hawaii, and thereby instituted suit against Joseph Gonsalves, of Honolulu, as defendant.

Two causes of action were alleged in the complaint. The first cause of action was to the effect that in the month

of August, 1952, the defendant, knowing that the plaintiff could use a walk-in deep freeze box at Kealakekua, Kona, for the purpose of freezing ice, fish and other like commodities, represented to the plaintiff that he, the defendant, could purchase an enamel walk-in type deep freeze box located in Honolulu for $750; that the said walk-in type deep freeze was a good steel enamel box and was in good running condition; that a few days thereafter, during the first part of September, 1952, the plaintiff was advised that there was another purchaser after the same box in Honolulu offering $1,000 for the same and that the defendant did not have $750 cash necessary to purchase the said box and wished the plaintiff to send him $800. Of that amount, $750 was to be for the box and $50 for transporting it from Kaimuki, in Honolulu, where it was purported to be, to the Young Brothers barge at a Honolulu pier.

It was further alleged that the plaintiff sent $800 to the defendant, relying upon the latter's recommendation.

Subsequently, a walk-in type deep freeze consigned to the plaintiff from the defendant arrived in Hilo, Hawaii, and was by a public transfer company transported to Kealakekua, Kona. It was further alleged that immediately prior thereto it became and was necessary for plaintiff to, at his cost in the sum of $146.87, construct a special platform in Kealakekua, for the installation of the deep freeze box. However, when the deep freeze box which the defendant had purchased and sent to the plaintiff was installed in Kona, the plaintiff found that it was not an enamel deep freeze box, but was made of sheet steel which was "in a very bad, rusty and rusted through and unusable condition; that there were two large and extensive holes in the sheet steel and insulation on the top of the said deep freeze box, each covering over 4 square feet, into which had been poured concrete; that the top of the said deep freeze box

was in such poor, rusted and damaged condition that rain leaked freely through and down into the interior of the deep freeze; that the insulation of the deep freeze was no good and the interior corroded and rusted; that the motor and compressor were in a bad and unusable state of disrepair, whereby and wherefrom all of which the Plaintiff was and is unable to use the deep freeze box and the same is useless for the purpose for which it was intended; * * *."

The plaintiff further alleged: "that the Defendant fraudulently represented to the Plaintiff that he had paid $750.00 for said deep freeze box, whereas in truth and in fact he had paid only the sum of $400.00 for said deep freeze box; and that the deep freeze box so purchased was not the one which the Defendant had undertaken to purchase for the Plaintiff." Also, that "after the unfitness and unsoundness of said deep freeze box was ascertained, the Plaintiff notified the Defendant thereof and offered said deep freeze box to the Defendant in return for all money spent by the Defendant, but the Defendant refused."

Another allegation was to the effect that in addition to the $800 paid by plaintiff to defendant, and the sum of $146.87 installation cost, the plaintiff had spent $85 for transporting the deep freeze box from Hilo to Kealakekua, "* * * and has spent an additional $196.97 for transporting the said ice box with motor attached, from Honolulu to Hilo; that by reason of the premises, the Plaintiff has been damaged in the sum of $1,228.84."

As a second and separate cause of action, plaintiff alleged that on or about the last part of August, 1952, or the first part of September, 1952, plaintiff agreed to sell and the defendant verbally agreed to buy plaintiff's certain Chevrolet truck then located in Kona, Hawaii, for the sum of $1,000. Further, "that thereafter, in accordance with said agreement, the Plaintiff delivered said truck to the

Defendant in Honolulu, T. H., and the Defendant thereupon took possession of and continues to hold and keep the same in his possession; that the Defendant has paid no part of said agreed purchase price of said truck although Plaintiff has demanded the same of him; that by reason of the premises, the Plaintiff has been damaged in the sum of $1,000.00."

The prayer of the complaint was for judgment for plaintiff against the defendant in the sum of $1,228.84 upon the first cause of action, and the sum of $1,000.00 upon the second cause of action, a total judgment of $2,228.84, "together with costs of this action and for all other proper relief in the premises."

To the said complaint, the defendant entered a general denial and the case was tried by the court, jury waived.

Trial was had in two stages or parts, first on March 23 and 24, 1954, and then on January 13, 14, 17 and 20, 1955. On February 14, 1955, a decision of the court was entered and filed by the trial judge.

Pursuant to the said decision, judgment was entered and filed in the trial court on March 8, 1955.

The case has come before this Supreme Court by an appeal duly perfected by Henry A. Leslie, Sr., plaintiff below, from the said judgment entered on March 8, 1955.

The provisions of Rules 73 and 75 of the Hawaii Rules of Civil Procedure have been complied with and this court has jurisdiction of the case by virtue thereof and of the appeal taken.

By stipulation of counsel for the respective parties the case has been submitted to this court on briefs and without oral argument.

The briefs are in agreement as to the evidence before the trial court having been conflicting.

The Hawaii Rules of Civil Procedure were adopted and promulgated by this Supreme Court by order dated De-

cember 7, 1953, which provided that said rules should take effect on June 14, 1954, "* * * govern actions and proceedings of a civil nature in the circuit courts of the Territory brought on or after said date except as otherwise provided in said rules, and also all further proceedings in such actions then pending except to the extent that in the opinion of the court their application in a particular action pending * * * would not be feasible or would work injustice * * *" then the former procedure would apply.

The action in the instant civil case was brought before June 14, 1954, but the second stage of the trial thereof, being further proceedings in such action then pending, occurred in January of 1955 and the decision of the trial court was entered and filed in February of 1955, so we deem that the said Hawaii Rules of Civil Procedure applied to the proceedings in January and the decision in February, 1955.

Formerly, the decision of the trial court in a civil case tried without jury had to conform to the provisions of section 10107, Revised Laws of Hawaii 1945 (231-7, Revised Laws of Hawaii 1955) which required that the court "hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor." However, when, as in the instant case, the Hawaii Rules of Civil Procedure are applicable, such rules govern.

Therefore and specifically Rule 52 of the said rules applies. The pertinent provisions thereof are as follows:

"*Rule 52. Findings by the Court.*

"(a) EFFECT. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * * Requests for findings are not necessary for purposes of review. Findings of fact

shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * * If an opinion or memorandum of decision is filed, stating the facts and the court's opinion on the law, it will be unnecessary to make other findings of fact and conclusions of law. * * *."

"(b) AMENDMENT. * * * When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the circuit court an objection to such findings or has made a motion to amend them or a motion for judgment."

The decision of the trial court which was entered and filed on February 14, 1955, to be sufficient as "an opinion or memorandum of decision" under the provisions of Rule 52 (a), *supra,* should have stated "the facts and the court's opinion on the law." It was incumbent upon the court to "find the facts specially and state separately its conclusions of law thereon."

That said decision recites:

"The Court, having considered all of the credible evidence in this matter [not a statement of what evidence was deemed credible, or what facts were thereby established], is of the opinion that the relationship of principal and agent was established between the parties on a gratuitous basis for the purpose of purchasing a surplus, used, walk-in, deep freeze box, hereinafter referred to as 'box', by the agent for the principal. Whether the agent, in purchasing the 'box' for his principal, complied with the authority granted to him, depends upon what may be considered usual in the line of business in which the agent was acting [but without any finding of fact as to what was usual in such transactions as may have been testified

to], there being no expressed agreement which defines the limits of the agent's authority. It is the opinion of the Court [based on what facts or evidence?] that the purchase of used, surplus commodities is fraught with risks which fall on the purchaser. Such commodities are sold on a 'where is—as is' basis. [On what facts or evidence was that conclusion based?] The credible evidence [what?] establishes that the agent made such inspection [what?] as the principal could have made — neither one being more than casually familiar with refrigeration requirements. The fact that the 'box' did not meet with the principal's expectations is part of the principal's risk. [What fact, or facts, was or were the basis for such conclusion?] The fact that the agent paid $400.00 and not $750.00, as he represented, does not warrant complete repudiation by the principal of his agent's acts. [A conclusion of law.] The principal is entitled only to compel the agent to an honest accounting of the funds entrusted to him for the purchase. [A conclusion of law, without statement of facts herein upon which based.] The agent has admitted that there remains in his hands $153.03 of the principal's money. This he must, and he is hereby ordered to return said amount, together with interest at the usual legal rate from the date of purchase of said 'box'.

"As to Count II, the Court is of the opinion [because of what facts?] that the credible evidence [what?] establishes the purchase price of the truck at $150.00, as claimed by the defendant, and not $1,000.00 as claimed by the plaintiff. The defendant's obligation to pay the $150.00 arises when plaintiff tenders the certificate of ownership. [On what finding of fact or facts, is such conclusion based?]"

It is apparent from the foregoing that the trial court did not "find the facts specially and state separately its conclusions of law thereon" and, therefore, failed to comply with the requirements of Rule 52 of the Hawaii Rules

of Civil Procedure. Wherefore, the said decision of the trial court is of no legal effect and the judgment entered pursuant thereto on March 8, 1955, is hereby vacated.

We have judicial knowledge of the fact that, since the trial of the instant case and the entry and filing of the decision and of the judgment, the term of office of the judge who presided therein has expired and another has succeeded him as judge of the trial court, the circuit court, third circuit, Territory of Hawaii, but we nevertheless deem it advisable to remand the case to said trial court, for appropriate action pursuant to Rule 63 of the Hawaii Rules of Civil Procedure. See *Makah Indian Tribe et al. v. Moore,* 93 F. Supp. 105 and 5 Moore, *Federal Practice,* 2d ed., in re Rule 52.

Reversed and ordered remanded.

*Martin Pence* for appellant.

*Tom Okino* for appellee.