## ELAINE LIMA *v.* DAVID J. TOMASA.

### No. 3087.

Argued February 28, 1958.          Decided April 18, 1958.

Rice, C. J., Stainback and Marumoto, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by the defendant from a judgment in favor of the plaintiff in a jury-waived action for damages suffered in an automobile accident. Judgment was for $5,221, being $118 for medical expenses, $564 for loss of earnings, $4,500 for general damages, and $39 for costs of court.

Defendant's objections to the judgment are set forth in his specifications of error as follows:

"1. That the trial court erred in failing to state reasons for finding that plaintiff was not contributorily negligent.

"2. That the trial court erred in its award to plaintiff of special damages for loss of earnings because such award was contrary to evidence.

"3. That the trial court erred in its award to plaintiff of general damages because such award was based on findings which were contrary to the evidence."

Trial was held after the adoption of Hawaii Rules of Civil Procedure. Thus, H. R. C. P., Rule 52 (a), instead of R. L. H. 1945, § 10107, applies. (*Hawaii Builders Supply Co., Ltd., v. Kaneta,* 42 Haw. 111; *Leslie v. Gonsalves,* 42 Haw. 169; *Lum v. Stevens,* 42 Haw. 286) Defendant contends that even if the new rule applies, the finding of the trial court that the facts in evidence do not establish contributory negligence on the part of plaintiff is insufficient to satisfy the requirements of the rule.

Under the rule, a bare statement of ultimate conclusion is insufficient. (*Tugaeff* v.*Tugaeff,* 42 Haw. 455) However, the rule does not require over-elaboration of detail or particularization of facts. The trial court "need only make brief, definite, pertinent findings and conclusions upon the contested matters." (Advisory Committee of the United States Supreme Court on Rules for Civil Procedure, Note to 1948 Amendment of Rule 52 [a]; Moore's *Federal Practice;* 2d Ed., § 52.01 [5]; Barron and Holtzoff, *Federal*

*Practice and Procedure,* Appendix, Advisory Committee Notes to Rule 52) This court may vacate a judgment and remand the case for further findings if the findings are not sufficiently definite for a clear understanding of the basis of the decision. But reversal and remand are unnecessary if the decision contains an adequate discussion of the major factual issues, which leaves no doubt as to the facts upon which the trial court based its decision. (*Huszar* v. *Cincinnati Chemical Works, Inc.,* 172 F. [2d] 6)

In this case, the trial court filed a decision which contains the following statement of the circumstances under which the plaintiff was injured: "At about eleven or eleven-thirty p.m. defendant left the house, seating himself in his car behind the wheel and closing the door. Plaintiff followed him, standing outside the car beside him. At this time plaintiff was holding the young child of Mrs. Ching on her left arm. On defendant's again refusing to give plaintiff the keys to her car or to tell her where they were, plaintiff reached into the car and seized defendant by his shirt, tearing it. Plaintiff then stepped back a few steps to give the baby to Mrs. Ching, at which moment defendant put his car in motion, turning the wheels abruptly to the left. Plaintiff endeavored to flatten herself against the side of her parked car, but the end of the front bumper on defendant's car pinned plaintiff's leg against her car, crushing and bruising an area from above to below the knee." We think that the statement, particularly the portion thereof which states that the plaintiff endeavored to flatten herself against the side of her parked car, makes the basis for the trial court's finding concerning contributory negligence sufficiently clear. This case is unlike *Leslie* v. *Gonsalves, supra,* and *Tugaeff* v. *Tugaeff, supra,* where only findings of ultimate facts were set forth without a discussion of subsidiary facts on which such findings were predicated.

Under the rule, the trial court's findings of fact may not be set aside unless clearly erroneous. The rule also enjoins this court to give due regard to the opportunity of the trial court to judge of the credibility of the witnesses.

We cannot say that the trial court's findings regarding loss of wages and general damages were clearly erroneous.

The finding regarding loss of wages was based on the plaintiff's testimony that she had an average net earning of $6 per day before the injury and that she lost 94 working days because of the injury.

The defendant argues that because the plaintiff testified on cross-examination that her earnings varied between $4 and $6 per day depending on whether business was good or bad, and because of the self-serving element of the testimony, the trial court would have had more reason to award the lowest claimed earnings of $4 per day. It is not accurate to say that the plaintiff testified that her earnings varied between $4 and $6. The defendant's attorney asked the plaintiff on cross-examination: "You said that your earnings as a driver varied from about four dollars to approximately six dollars, *and occasionally a little bit higher,* depending on business, is that correct?" (Emphasis supplied) To this, the plaintiff answered: "That's right."

The defendant also argues that the trial court erred in finding that the plaintiff lost 94 working days on the basis of six working days per week because her testimony showed that she was normally not steadily employed. However, the defendant does not deny that the plaintiff's testimony showed that she worked six days per week immediately before the accident.

With regard to general damages, the trial court not only heard medical testimony concerning the plaintiff's injury but also saw the nature and extent of the injury when the plaintiff exposed her injury at the trial. Upon such evidence, the trial court found that the injury caused

the plaintiff severe pain and suffering, stiffness and dis-comfort even at the time of trial more than seventeen months after the accident, and left her with a disfiguring scar of permanent nature which, because of red-purplish pigmentation, would be a permanent embarrassment to the plaintiff.

The defendant concedes that "actual pain and suffer-ing was present in this case." However, he argues that the trial court erred in emphasizing the disfiguring aspect of the scar, because the scar is located in a place not likely to cause embarrassment to the plaintiff and that there was no evidence that the scar would be permanent. The finding concerning the embarrassment to the plaintiff because of the injury was made after the court actually saw the in-jury. With respect to the permanence of the injury, the testimony of the medical witness was as follows:

"Q Did you at that time come to any conclusion as to permanency or the temporariness of that partic-ular scar?

"A Of the scar?

"Q Yes.

"A I would expect that some degree of pigment abnormality would continue throughout life; possibly some scar."

The defendant also contends that the amount of general damages awarded to the plaintiff was not warranted by the evidence.

Under R. L. H. 1955, § 231-26, it is the function of the jury to determine the amount of general damages in a per-sonal injury action. In a jury-waived case, such function devolves upon the trial court. (*Bierce* v. *Hutchins,* 16 Haw. 418; *Ah Quai* v. *Puuki,* 11 Haw. 158)

This court will not disturb the determination of the trial court respecting the amount of general damages un-

less the amount awarded is so excessive as to shock the moral sense. The following statement of Chief Justice Kent in *Coleman* v. *Southwick,* 9 Johns. (N. Y.) 45, at page 52, is as true today as it was when enunciated almost 150 years ago:

"The law has not laid down what shall be the measure of damages in actions of *tort.* The measure is vague and uncertain, depending upon a vast variety of causes, facts and circumstances, as the state, degree, quality, trade, or profession of the party injured, as well as of the party who did the injury. The court cannot interfere, unless the damages are apparent, so that they can properly judge of the degree of the injury. Generally, in such cases, they cannot say whether five hundred pounds was too much, or fifty pounds would have been too little. The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable and outrageous, and such as manifestly show the injury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess. These are the principles which have been laid down by the most eminent judges who have presided in the *English* courts, since the year 1760; and by which they have uniformly governed themselves in cases in which the damages would appear to have been, beyond all comparison, more excessive than in the present case."

Where there is an assertion that the damages awarded are excessive, this court will confine its inquiry to whether, upon the evidence adduced, reasonable men could have come to the same conclusion as the jury, or the trial court in a jury-waived case. (*Tsuruoka* v. *Lukens,* 32 Haw. 263,

268; *Alau* v. *Everett,* 7 Haw. 82, 85) In *Alau* v. *Everett,* this court said:

"We are free to say that under the circumstances of this case, the damages seem to be rather large. * * * But men of sound judgment may differ not a little in estimating the compensation which the circumstances of the injury would justify. It is the judgment of the jury, and not that of the Court, which must govern."

That also was said more than sixty years ago. The passage of time has not dimmed the verity of the statement. (*Ward* v. *Inter-Island Steam Navigation Company, Limited,* 22 Haw. 488; *Luhi* v. *Pheonix Lodge,* 31 Haw. 740; *Tsuruoka* v. *Lukens, supra; Vasconcellos* v. *Juarez,* 37 Haw. 364; *Ginoza* v. *Takai Electric Company,* 40 Haw. 691)

Upon the record, we see no justification for substituting the judgment of this court for the judgment of the trial court.

Affirmed.

*Daniel H. Case* (*Pratt, Tavares & Cassidy* with him on the briefs) for appellant.

*Henry T. Hirai* (*Mirikitani & Hirai* with him on the brief) for appellee.