ALEXANDRINA SHANDRY LOPEZ (HARRIET E. L. GRAY, ACTING EXECUTRIX IN SUBSTITUTION) *v.* FRANK TAVARES, ET AL.

No. 4764.

MARCH 13, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE HAWKINS ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY ABE, J.

Three separate suits were instituted by Alexandrina Shandry Lopez, deceased, now represented in court by her duly appointed executrix, against the defendants to set aside deeds which had been executed by the deceased.

The cases were consolidated for trial and the first trial was held before Judge Ronald B. Jamieson of the First Circuit Court without a jury.

After both parties had rested, the trial judge rendered an oral decision and stated at the outset: "This is the way the evidence looks to the court," and he proceeded to set forth a summary of the evidence contained in 26 typewritten pages. In the concluding paragraph he stated: ". . . then a written decision could be written up by plaintiff's attorney . . . in better form than I have given it, but giving the substance and the findings of fact."

This oral decision was rendered on July 30, 1963, and the transcript of the decision, not signed by the judge, was filed a day later on July 31.

Though the attorney for the plaintiff had been directed to prepare a draft of the findings of fact and conclusions of law, he did not do so. After Judge Jamieson's term had expired and a successor had been appointed, on September 23, 1966, more than three years after the rendition of

the oral decision, defendants' attorney filed a motion to dismiss or a motion for a new trial under Rule 52(a) and Rule 63 of the Hawaii Rules of Civil Procedure on the ground that "the judge hearing the cases has not entered findings of fact nor entered conclusions of law, that said judge was disabled by failing to be reappointed and that no succeeding judge can satisfactorily perform said trial judge's duties." At the hearing of this motion, the attorney for plaintiff informed Judge Okino of the First Circuit Court that because he was having difficulty drafting findings of fact and conclusions of law from the oral decision, he had requested Judge Jamieson, prior to his retirement, to prepare the necessary findings of fact and conclusions of law and that the judge had agreed but had not done so.

After the hearing, the trial judge refused to grant the motion to dismiss but granted a new trial on the ground that a judge going over the record of the case and the transcript would be unable to render findings of fact and conclusions of law.

The second trial was held before Judge Fairbanks of the First Circuit Court without a jury. After the conclusion of the trial, the judge rendered the findings of fact and conclusions of law in favor of the defendants. Judgment was entered accordingly and plaintiff appealed.

I.

Plaintiff's first contention is that Judge Okino abused his discretion in ordering a new trial because the oral decision, which had been transcribed, in the first trial is sufficient as findings of fact and conclusions of law.

It is evident from the record that the oral decision rendered by Judge Jamieson did not find "the facts specially and state separately its conclusions of law" as

required by Rule 52(a) of the Hawaii Rules of Civil Procedure. We have held that this rule is mandatory in all cases tried without a jury and that a trial judge is required to find the facts specially and state separately his conclusions of law. *Shannon* v. *Murphy,* 49 Haw. 661, 426 P.2d 816 (1967); *Lima* v. *Tomasa,* 42 Haw. 478 (1958); *Tugaeff* v. *Tugaeff,* 42 Haw. 455 (1958); *Leslie* v. *Gonsalves,* 42 Haw. 169 (1957).

The oral decision is merely a summary of the evidence adduced at the hearing as Judge Jamieson indicated at the outset. Therefore, we hold that there are no findings of fact and conclusions of law as required by Rule 52(a); and, under the record of this case, we are unable to say that the trial court abused its discretion in ordering a new trial.

## II.

The plaintiff also contends that Judge Fairbanks' findings of fact and conclusions of law in the second trial are clearly erroneous. However, nowhere in the briefs is it shown wherein they are clearly erroneous.

Plaintiff's objection to the findings of fact is that the judge did not relate the evidence upon which such findings were based. We have held that a trial judge in his findings of fact is required to make brief, definite, pertinent findings, and although it is not necessary for such findings to overelaborate or particularize facts, they must include as much of the subsidiary facts as are necessary to disclose to this court the steps by which the trial judge reached his ultimate conclusion on each factual issue. *Shannon* v. *Murphy, supra; Lima* v. *Tomasa, supra; Tugaeff* v. *Tugaeff, supra.* This rule does not require that each finding of fact be substantiated by recitation of evidential matter, as contended by plaintiff.

98

We are satisfied that Judge Fairbanks' findings of fact, contained in 39 numbered paragraphs, meet the requirement of Rule 52.(a) and that the findings include all the necessary subsidiary facts to disclose to us the steps by which the trial judge reached his ultimate conclusion on each factual issue.

Under Rule 52(a), Judge Fairbanks' findings of fact may be set aside by this court only if clearly erroneous. Also under the rule, we may not pass upon issues dependent upon credibility of witnesses and the weight of the evidence. *Chun Chew Pang* v. *Chun Chew Kee,* 49 Haw. 62, 412 P.2d 326 (1966) ; *Shannon* v. *Murphy, supra; Lima* v. *Tomasa, supra.*

As stated above, plaintiff has failed to meet her burden of proving to this court that Judge Fairbanks' findings of fact are clearly erroneous.

Affirmed.

*Arthur K. Trask* for plaintiff-appellant.

*Axel Ornelles (Skinner, Bennett & Ornelles* of counsel) for defendants-appellees Ambrose N. Lopez, Clarence T. Lopez and Beatrice N. Lopez.