GERALD F. SCOTT, Appellant-Appellee, *v.* CONTRACTORS LICENSE BOARD, PROFESSIONAL & VOCATIONAL LICENSING DIVISION, DEPARTMENT OF REGULATORY AGENCIES, STATE OF HAWAII, Appellee-Appellant

NO. 6779

APRIL 8, 1981

HAYASHI, C.J., PADGETT, J. AND CIRCUIT
JUDGE GREIG IN PLACE OF BURNS, J., DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment reversing an order of the Contractors License Board revoking Appellee Gerald F. Scott's license as a general contractor and ordering the license reinstated.

Numerous points are argued in the briefs; however, for the purposes of this appeal, we consider only the contention that the court below, in its decision, erred in not making specific findings of fact and in not sufficiently detailing its conclusions of law. We hold that the court below did so err and accordingly, remand for further proceedings consistent herewith.

This case began with a notification dated July 27, 1976 to appellee of a hearing under §§ 444-4(4) and 444-18, Hawaii Revised Statutes (HRS), to determine whether or not appellee's general contracting license should be suspended or revoked based upon a complaint that he had failed on a particular construction project to follow the plans and specifications, to comply with the County set-back ordinance, to complete the contract within the time allowed and to provide workmanship commensurate with the trade in general. A hearing was held and the hearing officer entered detailed findings of fact and conclusions of law. Exceptions were taken and reviewed by the Board which adopted *in toto* the hearing officer's findings and conclusions and ordered appellee's license revoked. Appeal was taken to the Circuit Court and pursuant to Rule 72(e), Hawaii Rules of Civil Procedure (HRCP), the appellee filed a statement of the case, setting forth his contentions to which an answer was duly filed on behalf of the Board by the State.

Thereafter, the appellee's counsel submitted a proposed decision, appellant filed objections, among which was a contention that the court must make detailed findings of fact and conclusions of law. Nevertheless, the court entered appellee's proposed decision without any changes.

Under § 91-14(g), HRS, the court below had the power to reverse or modify the decision of the Board on any one of six specified grounds. Chapter 91, HRS, does not specify the form that the decision of the Circuit Court must take. Appeals to the Circuit Court from an agency are governed by Rule 72, HRCP. Rule 72(k) provides in part, "Upon determination of the appeal, the court having jurisdiction shall enter judgment. Such judgment shall be reviewable, or final, as may be provided by law." In effect under the Administrative Procedure Act (Chapter 91, HRS), the Circuit Court tried the facts on the record before the administrative agency.

Rule 52(a), HRCP, provides in part:

(a) *Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 . . . . Requests for findings are not necessary for purposes of review . . . . If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).

The question before us then is whether the decision below complies with Rule 52(a), HRCP.

As has been said, "Under the rule, a bare statement of ultimate conclusion is insufficient." *Lima v. Tomasa,* 42 Haw. 478 (1958). While there is no necessity for over elaboration of detail or particularization of facts, the findings must include as much of the subsidiary facts as would be necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each issue. *Tugaeff v. Tugaeff,* 42 Haw. 455 (1958); *Shannon v. Murphy,* 49 Haw. 661, 426 P.2d 816 (1967); *Lopez v. Tavares,* 51 Haw. 94, 451 P.2d 804 (1969).

Judged by such a standard, the decision below is woefully inadequate. Conclusion 1(a) reads:

The Contractors License Board failed to comply with the requirements of Section 91-12 of the Hawaii Revised Statutes, as amended . . .

Section 91-12, HRS, requires decisions and orders of agencies in contested cases to be in writing and accompanied by separate

findings of fact and conclusions of law. In this case, the Board adopted, expressly, the findings of fact and conclusions of law of the hearing officer. We do not know if the court below was ruling that as a matter of law that procedure was improper or was ruling that the hearing officer's findings and conclusions were inadequate and if the later, what the inadequacies were.

The court below in its conclusion 1(b), stated:

The Contractors License Board erred in its conclusion that Sections 91-10(1) and 91-14(g)(5) defined the burden of persuasion applicable in the instant proceeding . . .

What this means, we have no idea. But if it involves a holding as to what the burden of persuasion was, then the court below was under an obligation to tell us what burden (such as substantial evidence or clearly erroneous) it applied.

The court below in its conclusion 1(c), stated:

The Contractors License Board erred in its conclusion that Appellant Gerald F. Scott violated Sections 444-17(5) and 444-17(12) of the Hawaii Revised Statutes, as amended . . .

The facts upon which this conclusion is reached are not set forth nor is any explanation given as to why the Board's findings were clearly erroneous. The same is true with respect to conclusions 1(d), 1(f), 1(g), 1(h) and 1(i).

As to conclusion 1(e):

The Contractors License Board failed to deliver a bill of particulars to Appellant Gerald F. Scott as is required by Section 91-9(b)(4) of the Hawaii Revised Statutes, as amended . . .

Section 91-9(b)(4) requires that the notice include a statement of:

An explicit statement in plain language of the issues involved and the facts alleged by the agency in support thereof; provided, that if the agency is unable to state such issues and facts in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved, and thereafter upon application a bill of particulars shall be furnished. . . .

We do not know if the conclusion of the court is based upon a finding that the notice of July 27, 1976 was inadequate to meet the requirements of the statute, and if so, whether the court below found that the appellee had made a proper application for a bill of particulars.

Since the decision below does not meet the requirements of Rule 52(a), it must be reversed and the case remanded for compliance with the Rule. Only when there has been an adequate compliance with Rule 52(a) will an appellate tribunal be in a position to pass upon the merits of the controversy.

Reversed and remanded for further proceedings consistent herewith.

*Melvin Nishimoto,* Deputy Attorney General, *(R. Brian Tsujimura* on the briefs) for appellant.

*Michael J. Matsukawa (Goodsill Anderson & Quinn* of counsel) for appellee.