In the Matter of the Judicial Determination of Death of JOHN L. ELWELL, JR.

NO. 8853

(S. P. NO. 5003)

OCTOBER 19, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* This appeal raises the issue of whether, under Rule 63 of the Hawaii Rules of Civil Procedure (HRCP), a successor judge may sign and file findings of fact and conclusions of law where there was no final decision rendered by a predecessor judge. We rule that he may not, and remand this case for hearings consistent with this opinion.

On September 1, 1974, John L. Elwell, Jr. disappeared from Hawaii State Hospital. On September 1, 1976, his wife Sharon was appointed temporary Administratrix of the Estate of Elwell for purposes of filing a lawsuit. She filed a wrongful death action in the circuit court against the Hawaii State Hospital. On February 10, 1977, the order appointing Sharon Elwell temporary administratrix was set aside and it was also

ordered that a probate hearing be held to determine the death of John Elwell and the applicability of the presumption of death statute. On October 3, 1979, Sharon Elwell filed a petition for declaration of death, seeking to have the court declare that her husband died on or about September 1, 1974, before the end of the statutorily presumed period of five years.[1] Hearings on the petition were held on October 19, 1979 and August 19, and 24, 1981, before Judge Hiroshi Kato, sitting without a jury. Before any findings of fact and conclusions of law were signed or filed, Judge Kato retired from the circuit court bench on March 31, 1982. On April 2, 1982, Judge Kato's successor, Judge Robert Won Bae Chang, signed and filed Findings of Fact and Conclusions of Law submitted by Mrs. Elwell's attorney which decreed that Mr. Elwell died on November 14, 1974.

On April 12, 1982 the State of Hawaii filed a Motion to Reconsider and Amend Findings of Fact and Conclusions of Law and Judgment on the assumption that Judge Chang had acted properly in signing and filing the findings of fact and conclusions of law submitted by Mrs. Elwell's attorney. Subsequently at a hearing on April 30, 1982, Judge Chang orally overruled the April 2, 1982 decision and decreed that the date of Mr. Elwell's death was five years from the date Hawaii Revised Statutes (HRS) § 560:1-107(3) began to run and not on November 14, 1974. However, on May 10, 1982, Judge Chang reversed himself and denied the State's Motion to Reconsider stating that:

---

[1] Hawaii Revised Statutes § 560:1-107(3) states as follows:

In proceedings under this chapter the rules of evidence in courts of general jurisdiction including any relating to simultaneous deaths, are applicable unless specifically displaced by the chapter. In addition, the following rules relating to determination of death and status are applicable:

. . . . .

(3) A person who is absent for a continuous period of five years, during which he has not been heard from, and whose absence is not satisfactorily explained after diligent search or inquiry is presumed to be dead. His death is presumed to have occurred at the end of the period unless there is sufficient evidence for determining that death occurred earlier.

The court has placed this matter on the calendar again as the result of having reviewed the files again before the final order is signed. And upon reviewing the file, the Court came to the realization that in its decision at the last hearing, the Court was in a sense issuing an order as though the Court were sitting on an appellate level over Judge Kato. And since Judge Kato had made findings of fact, those findings of fact must be accepted as the findings of fact before the Court can rule otherwise. To disturb the findings of fact would be like an appeal court. I certainly do not sit as an appeal court over Judge Kato. Judge Kato and I have occupied the same level and standing in the circuit court as circuit court judges, and at no time do I ever take that position that I can sit as an appeal court judge over a judge who occupies the same level, status as I do and especially when the matter is not before me on an appellate review basis. In this case, since Judge Kato has already made a finding, that finding should not be disturbed by anyone, it may be at the appellate court but not by myself.

Tr. (5/10/82) at 2-3.

The State then appealed from the April 2, 1982 judgment of Judge Chang on the grounds that (1) he did not have authority to sign the Findings of Fact and Conclusions of Law and (2) the Findings of Fact were clearly erroneous. Mrs. Elwell's argument, while strengthened by an affidavit submitted by Judge Kato on February 10, 1983 stating that he had intended to sign the findings of fact and conclusions of law submitted by Mrs. Elwell's attorney, is contrary to the plain scheme of Rule 63.

HRCP Rule 52(a) mandates in all cases tried before the court without a jury that the court find facts specially and state separately its conclusions of law thereon.[2] *Lopez v. Tavares,* 51

---

[2] HRCP 52(a) states as follows:

(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or

Haw. 94, 451 P.2d 804 (1969). The decision becomes complete and final when these findings of fact and conclusions of law are signed and filed. The normal rule is that only the judge who conducted the trial may enter a decision in a case. *In Re Application of Pioneer Mill Co.,* 53 Haw. 496, 497 P.2d 549 (1972).

HRCP Rule 63 provides a limited exception to this rule and enables one judge to perform some duties of a disabled judge.[3] The successor judge may "complete the formal acts necessary to conclude the litigations, such as entering formal judgment, issuing injunctions, awarding costs, and hearing post trial motions. However, the rule can only be invoked where a complete and final decision has been rendered by the disabled judge." *Pioneer,* 53 Haw. at 505-06 n.5, 497 P2d at 555 n.5.

Appellee is attempting to create an exception to Rule 63 that where no verdict is returned and where no findings of fact and conclusions of law have been signed or filed, the successor judge may sign and file findings of fact and conclusions of law presented by the attorney for a party to the case. We will not adopt such a position. HRCP Rule 63 is clear on its face:

Rule 63. DISABILITY OF JUDGE. If by reason of death, sickness, other disability, or absence from the State, a judge before whom an action has been tried is unable to

---

refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purpose of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision if filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).

[3] Rule 63 is not limited to mere mental or physical disability but extends to any disability whatsoever, including resignation of a judge, which makes the judge incapable of performing a legal act. *Lopez v. Tavares, supra; State v. Kelsey,* Utah, 532 P.2d 1001 (1975); 7 Moore's Federal Practice ¶ 63.03.

perform the duties to be performed by the court under these rules *after a verdict is returned or findings of fact and conclusions of law are filed,* then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial. [Emphasis added.]

The rule will not be broadened to allow circumvention of its provisions. Judge Chang therefore acted improperly in signing the findings of fact and conclusions of law of his predecessor.

Accordingly, we reverse and remand this case for proceedings consistent with this opinion. It is therefore not necessary to address the second issue of whether the findings of fact and conclusions of law are clearly erroneous.

*Gerald C. Yoshida,* Deputy Attorney General, for appellant.

*Gregory P. Conlan* (*Andrew V. Beaman* on the brief), *Chun, Kerr & Dodd,* of counsel, for appellee.