CLIFFORD E. MILLER and ANNIE H. MILLER, Plaintiffs-Appellees, *v.* HEIRS OF KAEHA HIWAULI (w), also known as KAEHA MALUNA, NAIHEAUHAU (k), KAAIHUE, HEIRS OF KEALOHAPAUOLE (k), KEALOHAPAUOLE, HEIRS OF WAHINELAWAIA (w), also known as ANNIE WAHINE-ILAWAIA ALOHIKEA, HEIRS OF ESTRELLA KAMAU HULIHEE (except Mary Mahi), VICTOR HULIHEE, JR., PHI-LOMINA HULIHEE MANINI, HEIRS OF DAVID LONOAKI HULIHEE, HEIRS OF LIBERT HULIHEE, GEORGE KUAKA-HELA HULIHEE, HEIRS OF VICTORIA MILEKA HULIHEE KAIAWE, ROSALIA KEAKA HULIHEE MOKUAHI, ROSA-LIA IDA NALU HULIHEE SIMION, MILEKA HULIHEE MOKE, HEIRS OF JOSEPH HULIHEE, HEIRS OF KIMONA, also known as KIMEONA KUAKAHELA (except Jacob Kalani Simeona), ANNIE MOORE KAUAIHILO, FLORENCE MOORE McNAMARA KIRWIN, THELMA MOORE AKANA HARRISON, ANTHONY S. CARVALHO, Administrator C.T.A. of the Estate of MARIA LOUISA SEA, VIOLET C. WIGHT, ARCHIE STUART WIGHT, G.P. HUEU, KEAKA II, CECELIA MAHI MANUEL, PETER MAHI, FELIX MAHI, JR., MAR-GARET MAHI HOSE, DAVID MAHI, JULIA MAHI, RACHAEL MAHI, ISABEL MAHI, ELIZABETH MAHI, HAN-NAH MAHI, JOHN DOE AND RICHARD ROE, AND TO ALL WHOM IT MAY CONCERN, Defendants-Appellees, and FLOR-ENCE MAHI MANUEL, Defendant-Appellant

NO. 10480

(CIVIL NO. 1224)

MARCH 25, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* This is an appeal from a judgment entered in a quiet title action in the Third Circuit.

The complaint was filed in 1965. It was tried before Circuit Judge

Monden in February 1967, however no decision was rendered. In 1973 Circuit Judge S. George Fukuoka was assigned the case and, according to the minutes of February 26, 1973, the parties stipulated orally in open court that he could decide the case on the basis of the transcript of the evidence before Judge Monden. However, some additional evidence was offered on that day. On June 28, 1973, Judge Fukuoka filed his decision.

On January 21, 1977, a decree in conformity with that decision was entered. For purposes of this appeal, the crucial finding was that Keaka conveyed to each of his nine children his 1/2 interest in one of nine separate parcels called "maheles". On February 1, 1977, the appellees moved for a new trial or in the alternative to amend the judgment and findings. That motion was not heard until May 8, 1981. There is no transcript of that hearing in the record. The minutes do contain a minute order which states: "Court granted the motion to reconsider and to have a new trial. Mr. Lynch [appellees' counsel] to submit the order. Other motion left in abeyance." The other motion was a motion to continue the motion. Judge Fukuoka apparently entered no written order in accordance with the minutes.

On June 5, 1984, said counsel filed a motion to enter order and amended decree to which he attached an affidavit stating:

> At the May 8, 1981, hearing on the Motion, Judge Fukuoka granted the Motion for new trial on behalf of the heirs of Kaeha Hiwauli and granted the Motion to Alter or Amend the Decree to set aside the mahele of the property by Keaka in 1899.

On August 3, 1984, appellees' counsel amended the motion to enter order and amended the decree.

In his affidavit (Rec. Vol. II at 55), counsel states that:

> I then prepared the attached Order and Amended Decree, in accordance with the Court's rulings on May 8, 1981, with the exception that I had since discovered that the affidavit supporting the Motion for New Trial was improperly signed and, because of a lack of evidence to support that portion of the Motion, I have designated it as denied in the Order.

On August 9, 1984, Circuit Judge Kubota entered an order granting the motion to enter order and amended decree and on January 15, 1985 he entered an amended decree which changed the conclusion that Keaka's division was in nine separate parcels, one to each of his nine children and concluded that he conveyed a 1/9th undivided interest in all nine parcels

to each of his children because of the lack of consent to a separation of his interests by Keaka's co-tenant.

The case is further complicated by the fact that the appellant, Florence Mahi Manuel, has no interest in the parcels covered by the decree, since her predecessor in title, Mary Mahi, conveyed away her interest in 1964. However, since Mary Mahi and her successors-in-interest were parties to the action, it is apparent that the appellees hope to set up the judgment in this case as *res judicata* or as an estoppel by judgment with respect to another parcel in which Florence Mahi Manuel, through Mary Mahi, does claim an interest based on the Keaka deed.

Moreover, insofar as Judge Kubota's decision may vary the findings of fact entered by Judge Fukuoka in 1977 (a matter not readily ascertainable in the record), it runs contrary to our decision in *In re Judicial Determination of Death of Elwell,* 66 Haw. 598, 670 P.2d 822 (1983), since a successor circuit judge does not have the power under HRCP 63 to enter findings in a case heard by another judge who is no longer in office.

On the face of the record, the motion for new trial as to the heirs of Hiwauli appears to be undisposed of. If so, there is, as yet, no final judgment below.

Given the confused state of the record in this case, we dismiss the appeal, with the caveat that the judgment below, with respect only to the dispute between appellant Florence Mahi Manuel and the appellees, shall not be taken to have any *res judicata* or estoppel effect as to other lands not involved in this action, title to which may be in dispute between them.

*Raymond K. Hasegawa* on the briefs for appellant.

*Paul A. Lynch* and *Mark S. Milker* (*Case Kay & Lynch* of counsel) on the brief for appellees.