**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000783
29-MAY-2020
11:47 AM**

NO. CAAP-16-0000783

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JOHN S. GAILLIARD and JODI L. GAILLIARD,
Plaintiffs-Appellees,
v.
ELIZABETH RAWSTHORNE and WILLIAM BATES,
Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-366K)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Chan and Wadsworth, JJ.)

Defendants-Appellants Elizabeth Rawsthorne and William Bates (**Defendants Rawsthorne and Bates**) appeal from the Final Judgment Against Defendants Elizabeth Rawsthorne and William Bates (**Final Judgment**) entered on August 24, 2016, by the Circuit Court of the Third Circuit (**Circuit Court**).[1]  In this appeal, Defendants Rawsthorne and Bates also challenge the following:

1. Order Denying Defendants' Motion for Summary Judgment filed on February 12, 2016 (**Order Denying Motion for Summary Judgment**);

2. Findings of Fact, Conclusions of Law and Order Regarding Jury Waived Trial filed on March 30, 2016 (**Findings, Conclusions and Order**); and

---

[1] The Honorable Melvin H. Fujino presided.

> 3. Order Denying Defendants Elizabeth Rawsthorne and William Bates' Motion for Reconsideration of this Court's Judgment Entered August 24, 2016, filed on October 17, 2016 (**Order Denying Motion for Reconsideration**).

Defendants Rawsthorne and Bates assert on appeal that the Circuit Court erred by: (1) denying their motion for summary judgment; (2) concluding that Section 3.14 of the Declaration is not ambiguous; (3) concluding that protected view planes are determined by the height of the roofline of a residence on a lot, if any; (4) finding or concluding that Defendants Rawsthorne and Bates breached Section 3.14 of the Declaration by interference with protected view planes; (5) concluding that Defendants Rawsthorne and Bates were in breach of Section 3.14 based on heights of plants on their lot; and (6) awarding damages for diminution in value for a finite period of time.

Moreover, Defendants Rawsthorne and Bates argue that the Circuit Court abused its discretion in denying their motion for reconsideration of the Final Judgment (**Motion for Reconsideration**).[2]

Upon careful review of the record, arguments presented, and relevant law, we affirm.

Defendants Rawsthorne and Bates and Plaintiffs-Appellees John S. Gailliard and Jodi L. Gailliard (**Plaintiffs Gailliards**) own homes adjacent to each other in the Aliʻi Heights residential subdivision in Kailua-Kona, Hawaiʻi.  The parties are bound by a Declaration of Covenants, Conditions and

---

[2]  Plaintiffs Gailliards argue that Defendants Rawsthorne and Bates argue certain issues for the first time on appeal regarding the meaning of Section 3.14; thus, these arguments should not be considered.  In their reply brief, Defendants Rawsthorne and Bates list the instances in which they presented some of these arguments before the Circuit Court.  "Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) (citation omitted).  Thus, the arguments that were not raised below are not addressed here.

Moreover, Defendants Rawsthorne and Bates make certain arguments regarding the sufficiency of evidence.  However, the trial transcripts were not included in the record and were therefore struck when Defendants Rawsthorne and Bates appended them to their Reply Brief (**Order Striking Transcript**).  Thus, it is not possible to address these arguments.

Restrictions (**Declaration**).  Section 3.14 in the Declaration states:[3]

> **Trees/Shrubs**:  Trees, shrubs, bushes, hedges and all other plants on every lot shall be maintained at a reasonable height so as not to interfere with the view planes available to any other lot.

On December 22, 2014, the Plaintiffs Gailliards filed their First Amended Verified Complaint, seeking monetary and injunctive relief, and attorneys' fees and costs, alleging that Defendants Rawsthorne and Bates were in breach of contract, as they were obstructing the Plaintiffs Gailliards' view planes with their trees and plants.  (**Complaint**).

On December 24, 2015, Defendants Rawsthorne and Bates filed a Motion for Summary Judgment.  On February 12, 2016, the Circuit Court filed its Order Denying Motion for Summary Judgment, stating that "there is a genuine issue of material fact as to what is an interference with the [view plane]".

A jury-waived trial was held on February 16 and 17, 2016.  After trial concluded, the Circuit Court conducted a site visit to the properties.

On March 30, 2016, the Circuit Court filed its Findings of Fact, Conclusions of Law and Order.

On August 24, 2016, the Circuit Court filed its Final Judgment.

On September 2, 2016, the Defendants Rawsthorne and Bates filed a Motion for Reconsideration.  On October 17, 2016, the Circuit Court filed its Order Denying Motion for Reconsideration.

Points of error (1) through (5): Defendants Rawsthorne and Bates argue that the Circuit Court erred when it determined that Section 3.14 is not vague and ambiguous.  In addition, Defendants Rawsthorne and Bates contend that the Circuit Court erred when it concluded that plants are at a reasonable height if they are at or below the roof line of their home and in not determining how much of a view or view plane an owner is entitled

---

[3]  See Finding of Fact (**FOF**) 9, in the Circuit Court's Findings, Conclusions and Order, which has not been challenged on appeal.

to be protected.  Moreover, they argue that the Circuit Court erred in finding[4] or concluding that they breached the Declaration because there was no definition of a view plane provided by the Circuit Court, and there was no finding that their plants were above their roof line.

Defendants Rawsthorne and Bates argue that, because "reasonable height," "view planes," and "available" are not defined, Section 3.14 is vague and ambiguous.  Thus, they contend, the Circuit Court erred when it denied their Motion for Summary Judgment and Conclusions of Law (**COL**) 2, 3, and 4 are wrong.  COLs 2, 3, and 4 state, in relevant part:

> 2.    Here the intent of the [sic] Section 3.14 of the Declaration is clear and unambiguous[.]
>
> 3.    "The case at bar is distinguishable from [Hiner v. Hoffman, 90 Haw[aiʻi] 188, 977 P.2d 878 (1999)], in that the evidence here clarifies the meaning of the covenant", see [DeMund v. Lum, 5 Haw. App. 336, 690 P.2d 1316 (1984).]
>
> 4.    The covenant in this case, "provides clarification resulting in a measurable height; it provides further language limiting the height, other than just stating 'reasonable height;' it continues to state 'so as not to interfere with view planes." []

(Some brackets in original).  As with COL 4, the Circuit Court stated in its Order Denying Motion for Summary Judgment that "[t]he covenant here provides clarification resulting in a measurable height; it provides further language limiting the height, other than just stating 'reasonable height;' it continues to state 'so as not to interfere with view planes.'"

"[T]he determination of whether a contract contains ambiguous terms is a threshold question of law for the court to decide.  A contract term or phrase is ambiguous only if it is capable of being reasonably understood in more than one way." Wittig v. Allianz, A.G., 112 Hawaiʻi 195, 201, 145 P.3d 738, 744 (App. 2006), (citations omitted).  "If the language of a contract is unambiguous . . . the interpretation of the contract presents a question of law to be decided by the court."  Id. (citations omitted).  "The fundamental rule is that the intent of the

---

⁴ Defendants Rawsthorne and Bates list a number of FOFs when they make this argument.  However, they do not argue that they are clearly erroneous.

parties, as gleaned from the entire context of the covenant, governs.  As long as the terms of a covenant are not ambiguous . . . we are required to interpret the terms 'according to their plain, ordinary, and accepted sense in common speech.'"  Pelosi v. Wailea Ranch Est., 10 Haw. App. 424, 436, 876 P.2d 1320, 1327 (1994) (citations omitted).

Defendants Rawsthorne and Bates, citing to Hiner, contend that "'[a]n ambiguity may arise from words plain in themselves but uncertain when applied to the subject matter of the instrument.'"  Hiner, 90 Hawaiʻi at 190-91, 977 P.2d at 880-81 (quoting Midkiff v. Castle & Cooke, Inc., 45 Haw. 409, 421, 368 P.2d 887, 894 (1962)).  They argue this case is similar to Hiner, where the Hawaiʻi Supreme Court held that the "covenant at issue provid[ing] that 'no dwelling shall be erected, altered, placed or permitted to remain . . . which exceeds two stories in height[,]'" was ambiguous.  Id. at 190, 977 P.2d at 880 (ellipses in original) (internal brackets and emphasis omitted).  See also Fong v. Hashimoto, 92 Hawaiʻi. 568, 573, 994 P.2d 500, 505 (2000) (determining that "[b]ecause of this court's recent decision in [Hiner] (holding that a 'two-story in height' restriction was ambiguous and therefore unenforceable), the restriction over the Hashimotos' Lot 11, worded as a 'one-story in height' restriction, is likewise ambiguous, and therefore unenforceable." (footnote omitted)).

Defendants Rawsthorne and Bates argue that in this case, like Hiner, without a numerical measurement, residents must guess what constitutes a "reasonable height" and "available view plane."  Moreover, they argue that because a "measurement is stated in units such as feet and inches," COL 4 is wrong that the language in Section 3.14, "so as not to interfere with view planes," "provides clarification resulting in a measurable height."  In our view, when Section 3.14 is read as a whole, and considering the plain, ordinary, and common meaning of the terms, we agree with the Circuit Court's determination that the intent is unambiguous - plants must be at a height "so as not to interfere with the view planes available to any other lot."  In Hiner, the majority opinion made a point to note:

> In suggesting that the 1966 covenant should have utilized an absolute height restriction (e.g., in feet or by some other numerical measure), we are not saying that all covenants must conform to a specific formula.  Our decision today merely requires drafters of covenants to use language that, in light of the purpose of the covenant, provides greater certainty and is more susceptible to uniform enforceability than that found in the 1966 covenant. <u>For example, the restrictive covenant could have been worded to restrict the height of subsequently-built homes so as to protect the **view planes** of earlier-built homes</u>.

90 Hawaiʻi at 194, 977 P.2d at 884 (emphasis added) (citation omitted).

Defendants Rawsthorne and Bates also argue that because there were no findings that their plants were taller than their roof line, there was nothing to support the Circuit Court's conclusions that they breached the Declaration and were required to trim their plants accordingly.  Defendants Rawsthorne and Bates thus take issue with COLs 7, 8, and 9, which state:

> 7.    Plaintiffs have proved by a preponderance of the evidence that Defendants' plantings interfere with Plaintiffs' view planes and have meet [sic] their burden of proving that Defendants have violated Section 3.14 of the Declaration and have breached said term of the contract.
>
> 8.    Defendants' [sic] shall trim and maintain [the plants] in defendants' front yard to a height no taller than the roofline of the House on defendants' property.
>
> 9.    Defendants' [sic] shall trim and maintain [the plants] in Defendants' backyard to a height no taller than the roofline of the House on defendants' property.

In our view, COLs 7, 8, and 9 are not wrong.  After a bench trial and a site visit to the properties, the Circuit Court determined that, in this particular case, the plants growing above the roofline, located within Defendants Rawsthorne and Bates' lot, were obstructing Plaintiffs Gailliards' view plane, and that therefore Defendants Rawsthorne and Bates breached the Declaration.  Furthermore, contrary to Defendants Rawsthorne and Bates' assertion, there were FOFs that supported the conclusion that the Defendants Rawsthorne and Bates breached the Declaration:

> 13.    Plaintiffs contend that the plantings on Defendants' Property block their view and

>      therefore violate Section 3.14 of the
>      Declaration. []
>
> 14.  Plaintiffs' Exhibits, including P-1 on September
>      22, 2014 and P-9 on November 6, 2012,
>      demonstrate some of the ocean view planes
>      available to Plaintiffs on those dates from
>      their front and back yard, respectively. []
>
>       . . . .
>
> 25.  David Nelsen[5] testified. . .he has observed
>      the Plaintiffs' loss of view planes during his
>      visits to their home. []

These FOFs reflect that Plaintiffs Gailliards' view plane was obstructed by Defendants Rawsthorne and Bates' plants.  Thus, Defendants Rawsthorne and Bates' argument is without merit.  See Scott v. Contractors License Bd., Prof'l & Vocational Licensing Div., Dep't of Reg. Agencies, 2 Haw. App. 92, 94, 626 P.2d 199, 201 (1981) ("While there is no necessity for over elaboration of detail or particularization of facts, the findings must include as much of the subsidiary facts as would be necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each issue." (citations omitted)).

Consequently, the Circuit Court was not wrong when it denied Defendants Rawsthorne and Bates' Motion for Summary Judgment and in COLs 2, 3, 4, 7, 8, and 9.

Point of error (6):  Defendants Rawsthorne and Bates argue that the Circuit Court erred in awarding $40,000 in damages for diminution in value for a finite period of time.  They also argue that the Circuit Court ordered a prohibited double recovery – specific performance and monetary damages – and thus COL 11 was wrong.

Conclusion of Law 11 states: "This Court finds by a preponderance of the evidence, the [Plaintiffs Gailliards'] property value was diminished by $40,000 for the period of [Defendants Rawsthorne and Bates'] breach of contract, specifically of Section 3.14 of the Declaration."  Defendants Rawsthorne and Bates contend there was no finding that they had

---

[5]  David Nelsen also resides in the Aliʻi Heights subdivision.

breached the Declaration for a specific period of time.  However, there were photographs referenced in the FOFs regarding Plaintiffs Gailliards' view planes in 2012 and in 2014.  The FOFs further detail communications, including demand letters to Defendants Rawsthorne and Bates in 2013 and 2014, to trim their trees to restore Plaintiffs Gailliards' view planes. Additionally, as part of the trial in 2016, the Circuit Court conducted a site visit to assess whether Defendants Rawsthorne and Bates were in fact obstructing Plaintiffs Gailliards' view plane.  There also was testimony referenced in the FOFs that the decrease in property value because of the obstruction was between $40,000 to $100,000.  Thus, the Circuit Court made sufficient findings to support COL 11 that "[Plaintiffs Gailliards'] property value was diminished by $40,000 for the period of [Defendants Rawsthorne and Bates'] breach of contract."  COL 11 is not wrong.

Defendants Rawsthorne and Bates argue further that there was double recovery because the Circuit Court concluded that Defendants Rawsthorne and Bates were required to both cut their plants and compensate Plaintiffs Gailliards for the loss of their property value.  There was no double recovery in this instance because the Circuit Court awarded damages and ordered specific performance for different periods of time.  That is, the Circuit Court required that Plaintiffs Gailliards be compensated for a breach of the Declaration that had already occurred and also required Defendants Rawsthorne and Bates to cut their plants so they would not continue to breach the Declaration.  Defendants Rawsthorne and Bates' argument is without merit.

Point of error (7):  Defendants Rawsthorne and Bates argue that the Circuit Court abused its discretion when it denied their Motion for Reconsideration on the basis that there was no new evidence and/or arguments that were presented which could not have been presented previously.

"Motions for reconsideration are reviewed for abuse of discretion.  An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or

principles of law or practice to the substantial detriment of a party-litigant."  <u>Pancakes of Hawaii, Inc. v. Pomare Props. Corp.</u>, 85 Hawai‘i 286, 296, 944 P.2d 83, 93 (App. 1997) (citations and internal quotation marks omitted).  As discussed *supra*, the Circuit Court was not wrong when it concluded that Defendants Rawsthorne and Bates violated the Declaration nor when it awarded specific performance and monetary damages.  Thus, the Circuit Court did not abuse its discretion when it denied the Motion for Reconsideration.

Therefore, based on the foregoing, we affirm the following:

1.	Order Denying Defendants' Motion for Summary Judgment filed on February 12, 2016;

2.	Findings of Fact, Conclusions of Law and Order Regarding Jury Waived Trial filed on March 30, 2016;

3.	Final Judgement Against Defendants Elizabeth Rawsthorne and William Bates filed on August 24, 2016; and

4.	Order Denying Defendants Elizabeth Rawsthorne and William Bates' Motion for Reconsideration of this Court's Judgment Entered August 24, 2016, filed on October 17, 2016.

DATED:  Honolulu, Hawai‘i, May 29, 2020.


On the briefs:                         /s/ Lisa M. Ginoza
                                       Chief Judge
Robert D. Triantos,
Michelle Chi Dickinson,                /s/ Derrick H.M. Chan
for Defendants-Appellants.             Associate Judge

Peter Van Name Esser,                  /s/ Clyde J. Wadsworth
for Plaintiffs-Appellees.              Associate Judge